UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS, | No. 2:24-cv-00237-DJC-CKD |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

     Pending before this Court is a Motion for Preliminary Injunction filed by pro se Plaintiff Kim Edward Rogers on January 19, 2024. (ECF No 3.) For the reasons stated below, the Motion will be denied.

     The Court will construe the Motion liberally because Plaintiff is representing himself. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."). In order to obtain a preliminary injunction, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

     Plaintiff's Motion, as well as Plaintiff's underlying Complaint (ECF No. 1), are somewhat difficult to follow. From what the Court can discern, Plaintiff alleges

1 | Defendants unlawfully locked him out of his property located at 2072 50th Avenue,
2 | Sacramento, California, on January 17, 2024.  (ECF No. 1 at 10–12; ECF No. 3 at 2, 7–
3 | 8.)  Plaintiff alleges Defendants "used trickery, deceit, illegal and deceptive acts" in
4 | order to bring about the allegedly unlawful lockout, and brings several claims in the
5 | Complaint for unreasonable search and seizure under the Fourth Amendment,
6 | invasion of privacy, trespass, and larceny.  (ECF No. 3 at 8; ECF No. 1 at 6–11.)  In the
7 | Motion, Plaintiff further alleges Defendants locked him out of his property in order "to
8 | influence currently ongoing proceedings in the 9th Circuit Court of Appeals involving
9 | case #23-15768," claiming Defendants' actions amount to obstruction of justice under
10 | 18 U.S.C. § 1503.  (ECF No. 3 at 2–8.)  Finally, Plaintiff alleges Defendants' actions have
11 | "violated the Notice of Stay on file with this Court involving Bankruptcy case #23-
12 | 24331."  (*Id.* at 7–8.)  Plaintiff seeks "temporary and permanent injunctive relief
13 | restraining defendant(s) from continuing to engage in and enforce the
14 | unconstitutional and illegal policies, practices, conduct and acts described herein."
15 | (*Id.* at 9.)

16 | "The first factor under *Winter* is the most important – likely success on the
17 | merits."  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).  Here, Plaintiff fails to
18 | demonstrate a likelihood of success on the merits.

19 | First, concerning the allegations in Plaintiff's complaint, Plaintiff concludes the
20 | lockout on January 17, 2024, was obtained using trickery and deceit, but does not
21 | allege what trickery or deceit was used, or how the trickery and deceit deprived the
22 | lockout action of lawful authority.  "Such vague and conclusory allegations are
23 | insufficient to show that plaintiffs will likely succeed on the merits of their claims . . . ."
24 | *Davidson v. Vertus Props.*, No. 2:15-cv-0991-TLN-KJN, 2015 WL 3830077, at *5 (E.D.
25 | Cal. June 18, 2015), *adopted,* 2015 WL 7188260 (E.D. Cal. Nov. 16, 2015); *accord*
26 | *Solomon v. Aurora Loan Servs., LLC*, No. 2:12-00209-WBS-KJN, 2012 WL 4747151, at
27 | *6 (E.D. Cal. Oct. 3, 2012) ("Conclusory allegations are simply not enough to find that
28 | plaintiff is likely to succeed on the merits . . . ."); *Salazar v. Moynihan*, No. 2:11-CV-

03276-GEB-KJN, 2011 WL 6179262, at *2 (E.D. Cal. Dec. 12, 2011) ("Plaintiff's conclusory averments and allegations fail to state cognizable claims since the TRO motion and the Complaint are devoid of facts supporting the claims."). Accordingly, Plaintiff has failed to demonstrate he will succeed on the merits of his Complaint.[1]

Additionally, concerning Plaintiff's obstruction of justice claim, the federal obstruction of justice statute, 18 U.S.C. § 1503, is a criminal statute that prohibits an individual from influencing or injuring an officer of the court or juror; the statute does not provide a civil cause of action for private individuals such as the Plaintiff. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) (holding that amendment of 18 U.S.C. § 1503 claim was "futile" because it is "a criminal statute that does not provide for a private cause of action"), *aff'd*, 525 U.S. 299 (1999), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Thus, Plaintiff cannot succeed on the merits of his obstruction of justice claim.

Finally, to the extent Plaintiff alleges Defendants have violated a bankruptcy stay, this Court lacks jurisdiction over that claim as this district has referred all bankruptcy matters to the district's bankruptcy judges. *See* General Orders 182, 223; *see also Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, No. 2:04-CV-01971-MCE, 2012 WL 5464218, at *2 (E.D. Cal. Nov. 7, 2012) (dismissing claim for violation of an automatic bankruptcy stay for lack of subject matter jurisdiction because the Eastern District of California's Local General Order No. 182 referred all cases arising

---

[1] Additionally, the Court notes that Plaintiff has moved to proceed in forma pauperis ("IFP"). (ECF No. 2.) After granting a request to proceed IFP, federal courts must screen a complaint and any amended complaints before allowing a case to move forward, issuing summonses, and requiring a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks money from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint has not yet been screened; thus, the Court has not yet determined if Plaintiff states any cognizable claim. Accordingly, Plaintiff's Motion is premature. *See, e.g., Givens v. Adams*, No. CVF046288-AWI-DLB, 2005 WL 1458731, at *1 (E.D. Cal. June 16, 2005), *adopted*, 2005 WL 2042341 (Aug. 22, 2005) (denying plaintiff's motion for preliminary injunction as premature and finding that plaintiff was "not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the defendants and the named defendants have been served with the summons and complaint").

under title 11 to the bankruptcy courts).  "A district court may not grant a preliminary injunction if it lacks subject matter jurisdiction over the claim before it."  *Shell Offshore Inc. v. Greenpeace, Inc.*, 864 F. Supp. 2d 839, 842 (D. Alaska 2012), *aff'd*, 709 F.3d 1281 (9th Cir. 2013).

Because it is a threshold inquiry, when "a plaintiff has failed to show the likelihood of success on the merits, we 'need not consider the remaining three [*Winter* elements].'"  *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (quoting *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776-77 (9th Cir. 2011)).  Accordingly, the Court need not address the remaining *Winter* factors.  *See, e.g., Davidson*, 2015 WL 3830077, at *6 ("[I]t is not necessary to address the other elements of the injunctive relief analysis because the allegations of the current complaint fail to state a cognizable claim.").  Given the above, Plaintiff's Motion for Preliminary Injunction (ECF No. 3) is denied.  Plaintiff has subsequently filed a second identical Motion for Preliminary Injunction.  (ECF No. 5.)  For the same reasons stated above, that Motion is also denied.

Accordingly, it is hereby ORDERED that Plaintiff's Motions for Preliminary Injunction (ECF Nos. 3, 5) are DENIED.  This matter is referred to the assigned Magistrate Judge for all further proceedings.

Dated:  January 24, 2024              /s/ Daniel J. Calabretta
                                      THE HONORABLE DANIEL J. CALABRETTA
                                      UNITED STATES DISTRICT JUDGE