UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO,<br><br>  Defendant. | No. 2:24-cv-0237-DJC-CKD (PS)<br><br><br>ORDER |

Plaintiff proceeds without counsel[1] and seeks to proceed in forma pauperis ("IFP"). (ECF No. 1, 2.) Plaintiff has also filed a motion to consolidate cases. (ECF No. 12.) For the reasons set forth below, plaintiff's motion to proceed in forma pauperis in this case is denied. Within 30 days of the days of the date of this order, plaintiff shall pay the $405.00 court costs, seek an extension of time to do so, or file an amended IFP application using a "Long Form" application. In addition, the undersigned finds this case should be consolidated for all purposes with Rogers v. County of Sacramento, et al., 2:24-cv-00387-DAD-SCR (PS) (Rogers II). Thus, plaintiff is granted 30 days to file an amended complaint in this action setting forth all claims from the two consolidated cases.

---

[1] Under 28 U.S.C. § 636 and Rule 301(c)(21) of the Local Rules for the Eastern District of California, the undersigned magistrate judge has authority to issue non–dispositive rulings in cases where a party is not represented by an attorney.

1

I.   **Background**

Proceeding without counsel, plaintiff initiated this action on January 18, 2024, with a complaint, motion to proceed in forma pauperis, and motion requesting an emergency temporary injunction. (ECF Nos. 1, 2, 3.) In the operative complaint filed in this case, plaintiff alleges defendants unlawfully locked him out of his property located at 2072 50th Avenue, Sacramento, California, on January 17, 2024. (ECF No. 1 at 10-12.) Plaintiff alleges defendants "used trickery, deceit, illegal and deceptive acts" to bring about the lockout and asserts causes of action for unreasonable search and seizure under the Fourth Amendment, invasion of privacy, trespass, and larceny. (Id. at 6-11.)

Plaintiff filed a second motion for emergency temporary injunction on January 23, 2024. (ECF No. 5.) On January 24, the district judge assigned to this case denied the two motions requesting emergency temporary injunction, (ECF No. 7.)

Plaintiff appealed the denial of his motions requesting emergency temporary injunctions to the United States Court of Appeals for the Ninth Circuit. (ECF Nos. 8, 9, 10.) On September 3, 2024, the appeal was dismissed for lack of jurisdiction. (ECF No. 13.) The undersigned now considers plaintiff's motion to proceed in forma pauperis (ECF No. 1) and motion to consolidate cases (ECF No. 12).

II.   **In Forma Pauperis**

A pro se plaintiff may commence an action without paying the filing fees where the plaintiff submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a); see also, e.g., Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." (citations omitted)). No statute, regulation, or case law sets forth a formula to determine what level of poverty is sufficient to proceed IFP. Escobedo v. Applebees, 787 F.3d 1226, 1235 (9th Cir. 2015). Instead, an affidavit in support of a IFP application is sufficient where it alleges "with some particularity, definiteness and certainty" that the plaintiff cannot pay the court costs and still afford basic necessities. Id. (quoting United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam)).

"IFP status may be acquired or lost during the course of the litigation, and the court may waive or order payment of costs for any of the benefits that may arise under the statute." Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal. 1994), aff'd in part, vacated in part on other grounds sub nom. Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995); see also Evans v. Croom, 650 F.2d 521, 525 n. 12 (4th Cir. 1981). Even when IFP status is granted, the court may subsequently revoke IFP status "if there is sufficient evidence that plaintiff's financial condition has improved to the point that plaintiff's economic situation is no longer a significant barrier to maintaining the action." Murphy v. Jones, 801 F. Supp. 283, 289 (E.D. Mo. 1992); see also Carter v. Telectron, Inc., 452 F. Supp. 939, 942 (S.D. Tex. 1976) ("if the allegation of poverty is no longer true because of a subsequent improvement in the economic status of plaintiff, it is within the authority of this Court to dismiss the proceeding… or… require that the costs of the litigation to date be paid by plaintiff in lieu of dismissal" (internal citations omitted)).

Here, plaintiff's affidavit dated January 18, 2024, states he receives $1,395.00 monthly in Social Security Disability payments, had $200.00 in cash or in a checking or savings account at the time of signing the affidavit, and has no dependents, debts, financial obligations, or regular monthly expenses. (ECF No. 2). Given plaintiff's monthly income, declared amount in cash or in a checking or savings account, and failure to identify any expenses, it appears plaintiff can pay the $405.00 court costs in this case.[2] Accordingly, plaintiff shall pay the applicable court costs for this case or timely request an extension of time to do so.[3] However, if plaintiff has additional financial obligations that were not stated in his affidavit which plaintiff believes demonstrate he cannot pay the court costs and still afford basic necessities, then plaintiff may file an amended IFP application by submitting a fully completed and signed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("AO 239").[4]

---

[2] Plaintiff's initial IFP application was also denied at ECF No. 17 in in Rogers v. County of Sacramento, et al., 2:24-cv-00387-DAD-SCR (PS) (Rogers II), the case being consolidated with this case.

[3] In any request for an extension of time, plaintiff may also request a payment plan.

[4] Plaintiff's initial IFP application was an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) ("AO 240").

3

### III. Consolidation

On March 25, 2024, plaintiff filed a "Motion to Consolidate" under Rule 42(a) of the Federal Rules of Civil Procedure. (ECF No. 12.) Plaintiff's motion to consolidate does not indicate which cases plaintiff seeks to consolidate and does not state any reasons why plaintiff's cases should be consolidated.[5]

Rule 42(a) of the Federal Rules of Civil Procedure provides a court may consolidate actions if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). The district court has broad discretion under this rule to consolidate cases pending in the same district, Investors Research Co. v. United States District Court for the Central District of California, 877 F.2d 777 (9th Cir. 1989), and may do so sua sponte, In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Here, the complaint in this case and the complaint in Rogers II are identically titled: "Violation of Title 42 U.S.C. § 1983 1st and 4th Amendment [to] the U.S. Constitution[;] Invasion of Privacy[;] Section § 801.56 Trespass to Land[;] Trespass to Chattels[;] Larceny." (Compare ECF No. 1 in 2:24-cv-00387-DAD-SCR with ECF No. 1 in 2:24-cv-00237-DJC-CKD.) Ten of the sixteen individual defendants named in this case are also named in Rogers II, along with one additional defendant in Rogers II. In both cases, plaintiff alleges the defendants forcibly trespassed on plaintiffs' property and removed him from his property or locked him out of his property. (Id.) Based on the pleadings submitted, the two actions arise out of the same nucleus of common facts and may involve common questions of law. In addition, in both cases, plaintiff sought a temporary injunction relating to defendants' alleged use of trickery, deceit, and illegal or deceptive acts to violate plaintiff's rights in relation to the real property located at 2072 50th

---

[5] Plaintiff's motion to consolidate was noticed for a hearing to take place before Magistrate Judge Jeremy D. Peterson. The court's records indicate plaintiff proceeded before Magistrate Judge Peterson in Rogers v. Bonta, et al., 2:22-cv-01157-TLN-JDP, however, that case is now closed.

4

Avenue in Sacramento, California. (Compare ECF No. 3 at 24 in 2:24-cv-00387-DAD-SCR with ECF No. 3 at 22-23 in 2:24-cv-00237-DJC-CKD.)

Thus, the undersigned finds judicial convenience will be served by consolidating these cases. Allowing two separate actions based on the same underlying facts to go forward would prejudice all parties and the court by increasing the workload on the parties and the court. Consolidating these cases will not cause any substantial delay. In light of these factors consolidation is warranted. See Investors Research, 877 F.2d 777; In re Adams Apple, Inc., 829 F.2d at 1487; Southwest Marine, 720 F. Supp. at 807.

Because the court's procedure is to consolidate actions with a higher case number into the lower–numbered action, this case, No. 2:24-cv-0237-DJC-CKD (PS), will be the operative action moving forward. Plaintiff is granted leave to file a "First Amended Complaint" in this case setting forth all claims from the two consolidated actions.

**IV.    Order**

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice.

2. Within 30 days of the date of this order, plaintiff SHALL pay the applicable court costs, seek an extension of time to do so, or file an amended IFP application which must be a fully completed and signed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("AO 239").

3. Plaintiff's motion to consolidate cases (ECF No. 12) is granted to the extent that the two actions Rogers v. County of Sacramento, et al., 2:24-cv-00237-DJC-CKD (PS) and Rogers v. County of Sacramento, et al., 2:24-cv-00387-DAD-SCR (PS) are CONSOLIDATED.

4. The Clerk of the Court shall file a copy of this order in both actions, shall administratively close Rogers v. County of Sacramento, et al., 2:24-cv-00387-DAD-SCR (PS), and shall vacate any scheduled dates therein.

5. All future filings shall be made in this action, Rogers v. County of Sacramento, et al., 2:24-cv-00237-DJC-CKD (PS).

1      6. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint setting forth in a single pleading all claims from the two consolidated actions; the amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint".

      7. Plaintiff is cautioned that failure to file an amended complaint or failure to timely pay the court costs or pursue other arrangements as discussed in number 2 above may result in sanctions, including dismissal of the action with prejudice under Federal Rule of Civil Procedure 41(b).

Dated:  September 13, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
roge24cv237.ifp.consld